US BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE:  FRANK J. BADOLATO, JR. : CHAPTER 13
 :
Debtor(s) : BANKRUPTCY NO.  19-15203

## MEMORANDUM IN SUPPORT OF MOTION TO WITHDRAW
## AS COUNSEL OF RECORD

It is well established that attorney's efforts to withdraw from a case are subject to the discretion of the Court, see Novinger v. E.I. DuPont de Nemours & Co., 809 F.2d 212 (1987). An attorney may withdraw from representation for reasonable cause and upon reasonable notice. Spector v. Greenstein 85 PA super. 177 (1925).  In granting or denying the Motion to Withdraw, the Court must consider factors such as 1) the reason withdraw is sought; 2) the prejudice withdraw may cause to other litigants; 3) the harm withdraw may cause the Administration of Justice and 4) the degree to which withdraw may delay the resolution of the case. Stalford v. Blue Mack Transp. (In re Lands End Leasing), 220 B.R. 226 (1998).

In this instance, it is clear that Debtor believes Counsel is not effectively representing his interest in their totality. Furthermore, the Debtor has, on numerous occasions, threatened action against counsel unless counsel defends an untenable position with respect to his auto loan with Santander Consumer USA, Inc. It is suggested that irreconcilable differences have arisen that have caused the necessity of counsel to be permitted to withdraw.

Respectfully submitted,

/s/ Paul H. Young
Paul H. Young, Esquire
YOUNG MARR & ASSOCIATES
3554 Hulmeville Road, Suite 102
Bensalem PA 19020
P: 215-639-5297
F: 215-639-1344
support@ymalaw.com